**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued May 31, 2005
Decided June 16, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| Nos. 02-3238, 02-4193, 03-1446 & 03-1270 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 98 CR 923 Blanche M. Manning, *Judge*. |
| LISSETT RIVERA, OMAR FELICIANO, ALINA LIS, and JOSEPH MIEDZIANOWSKI, *Defendants-Appellants*. | |

**Order**

Lissett Rivera, Omar Feliciano, and Alina Lis have been convicted of conspiring to distribute more than five kilograms of cocaine. Rivera's sentence of 97 months' imprisonment is the subject of an opinion published contemporaneously with this order. Feliciano and Lis each received 360-month sentences. Joseph Miedzianowski, a police officer who used his position to protect this drug ring (in which he took part as a principal), has been convicted not only of the conspiracy but also of operating an organization through a pattern of racketeering and of additional offenses; his sentence is life imprisonment.

Many of the issues that defendants press on appeal have no potential to affect the judgments. For example, three defendants contend that the evidence did not permit a rational jury to conclude that the conspirators cooked powder cocaine into crack at 8543 West Bryn Mawr. Let us suppose that this is so. Take away the roughly 25 kilograms of cocaine said to have been processed there and more than 300 remain. The jury's decision that the defendants conspired to distribute five or more kilos, which authorizes a sentence as high as life imprisonment, is unaffected by details

about 8543 West Bryn Mawr. See *Griffin v. United States*, 502 U.S. 46 (1991). Nor is this issue material to the decision how much of the statutory maximum each defendant must serve. Conspiring to distribute more than 150 kilograms of cocaine places one at Level 38, the highest possible under the drug-distribution table. Amounts over 150 kilograms played no role.

Another irrelevance is Miedzianowski's contention that one of the instructions about predicate offenses under the RICO count is defective because it referred to the state crime as "extortion" rather than "intimidation," the caption on 720 ILCS 5/12-6. Shakespeare wondered "what's in a name?"; for purposes of federal criminal law the answer is "nothing." Substance rather than nomenclature matters to the classification of predicate offenses, and we have held that the offense defined by 720 ILCS 5/12-6 meets the federal definition of extortion. See *United States v. McNeal*, 77 F.3d 938, 944–45 (7th Cir. 1996). Anyway, if this predicate offense were annulled, six would remain, four more than needed to support the RICO verdict.

Other arguments, though having some potential to affect the verdicts or sentences, have no oomph on the merits. For example, three defendants contend that the verdict is spoiled by the district judge's decision to admit as evidence a letter written by one conspirator who was not on trial. The letter is inadmissible, defendants insist, because the prosecution did not establish that any of them read it. But any statement made by a conspirator during, and in furtherance of, a conspiracy is admissible against all co-venturers. Whether any other conspirator heard (or, in this instance, saw) that statement is irrelevant; agency, not knowledge, is the theory of admissibility. The district judge made the necessary preliminary findings, see *United States v. Martinez de Ortiz*, 907 F.2d 629 (7th Cir. 1990) (en banc), so the letter was properly admitted. (For completeness we add that any error is harmless. The letter was just one raindrop in a downpour.)

Feliciano contends that during closing argument the prosecutor indirectly commented on his decision not to testify, thus impinging on the constitutional privilege against compulsory self-incrimination. When discussing counsel's cross-examination of one witness, the prosecutor remarked: "It's not the first time that a lawyer's come in with no defense and jumped up with no basis and called a witness a liar." Feliciano submits the reference to "no defense" could be understood to remark on the fact that he did not testify. This is indeed a possible reading; the prosecutor should have omitted the phrase "with no defense". But the jury was unlikely to hear it as a request to draw an adverse inference from Feliciano's silence. No one proposed such an inference; the district judge sustained defense counsel's objection, see *Greer v. Miller*, 483 U.S. 756 (1987); the subject was not followed up. Given its context, one phrase in a single sentence was not likely to produce the forbidden inference, so there is no basis for reversal. See *United States v. Robinson*, 485 U.S. 25 (1988); *United States v. Sblendorio*, 830 F.2d 1382, 1390–94 (7th Cir. 1987). During a long trial slips of the tongue and ambiguities are inevitable; this is why courts frequently remark that defendants are entitled to fair trials but not perfect ones.

We have considered defendants' other arguments. None is persuasive, and none requires additional treatment in this order. All four convictions are affirmed, and we also hold that the Sentencing Guidelines have been applied properly.

Because the sentences of Feliciano, Lis, and Miedzianowski exceed the statutory minimum of 120 months, all three are entitled to limited remands under the approach of *United States v. Paladino*, 401 F.3d 471, 481–85 (7th Cir. 2005). This court will retain jurisdiction pending the district judge's response.